IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STEPHON MASON,

      Petitioner,

v.                                         CIVIL ACTION NO. 2:13cv50
                                             (Judge Bailey)

TERRY O'BRIEN, Warden,

      Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On July 24, 2013, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241. On that same date, the petitioner filed a Motion to Amend his petition, which is currently pending. The petitioner paid the $5.00 filing fee on August 5, 2013. This matter is before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II. FACTS[1]

On July 9, 2003, the petitioner, along with several others, was charged in a 15-count federal indictment in the United States District Court for the District of Maryland. Although the charges varied with respect to each defendant, the essential charges ranged from conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, money laundering, possession of a firearm by a convicted felon and possession of a firearm in furtherance of a drug trafficking crime. On November 15, 2003, the petitioner, along with others, was charged in a 15-count superceding

---

[1] The recitation of facts is taken from the petitioner's criminal docket sheet which is available on PACER. See Criminal Docket # 8:03-cr-00321-AW-4 (District of Maryland).

1

indictment again alleging drug trafficking, money laundering and/or possession of firearms.

In July 2004, a jury convicted the petitioner of possession of a firearm by a convicted felon but deadlocked on all remaining counts related to the petitioner. Following a retrial in June of 2005, the petitioner was convicted by a second jury of conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base (crack), conspiracy to commit money laundering, and possession of a firearm in furtherance of a drug-trafficking crime.

On September 26, 2005, the Court sentenced the petitioner to life plus five years imprisonment to be followed by 10 years of supervised release. The petitioner appealed his verdict and judgment to the United States Court of Appeals for the Fourth Circuit where his sentence was affirmed on July 13, 2007. See 2007 WL 2046735 (C.A. 4 (Md).)

On August 29, 2008, the petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. In his Motion, the petitioner raised four grounds for relief:

> 1. Government misconduct in that the Government withheld evidence regarding Francisco Despiau (the chief cooperating witness) in violation of Petitioner's Due Process right under Brady v. Maryland, 373 U.S. 83 (1963).
>
> 2. Trial counsel provided ineffective assistance of counsel in failing to properly investigate, in failing to object during cross examination, and in failing to file a motion for a new trial based upon the Brady violation.
>
> 3. Appellate counsel was ineffective by failing to properly investigate, failing to file a direct appeal brief or to amend the appellate brief to include a Brady violation, failing to file for *Certiorari*, and failing to file a Motion to compel trail counsel to file an Anders brief.
>
> 4. Trial counsel was laboring under a conflict of interest because he failed to file a motion to sever from the other defendant in order for another defendant to testify on his behalf.

On April 30, 2009, the petitioner's motion pursuant to § 2255 was denied. On May 28, 2010, the United States Court of Appeals for the Fourth Circuit affirmed the judgment of the district court.

### III. ISSUE PRESENTED

In his pending §2241 motion, the petitioner alleges that his life sentence has now been deemed unconstitutional, thus leaving him actually innocent. More specifically, the petitioner alleges that under the Fourth Circuit's opinion in Simmons[2] decision, he no longer has a qualifying prior conviction to sustain the career sentencing enhancement. In his Motion to Amend, the petitioner cites the recent Supreme Court decision in Alleyne for the proposition that his sentence must be vacated as unconstitutional and remanded back to the District Court for re-sentencing.

### IV. ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. §2255. A §2241 motion is used to attack the manner in which a sentence is executed. Thus, a §2241 motion that challenges a federal conviction and sentence is properly construed to be a §2255 motion. The only exception to this conclusion is where a §2241 motion attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in §2255. Section 2255 states:

> An application for a write of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him

---

[2]Although the petitioner provides no citation, it appears clear that he is referencing U.S. v. Simmons, 649 F.3d 237 (4th Cir. 2011). In Simmons, which was a direct appeal, not a collateral attack, the Fourth Circuit held that, under North Carolina's statutory sentencing scheme, a defendant is convicted of a crime punishable by more than one year only if an offender with the same prior record level and convicted of similar aggravating factors could have received a sentence exceeding one year.

> relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate or ineffective, In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changes such that the conduct of which the prison was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Therefore, the remedy provided under §2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under §2241. Based on the language in Jones it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime. Here, the petitioner does not argue that he is imprisoned for an offense which is no longer a crime. Rather, relying on Simmons, he argues that he did not receive over a one-year sentence of "actual" imprisonment on any of his prior convictions, and therefore, his enhanced sentence is unconstitutional.

Fundamentally, "Fourth Circuit precedent does not support the extension of the savings clause to petitioners who challenge only their sentences." Petty v. O'Brien, No. 1:11cv9, 2012 WL 509852 (N.D.W. Va. Feb. 15, 2012) (citing United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008)). Rather, the § 2255 savings clause is "confined to instances of actual innocence of the

4

underlying offense of conviction," not just "innocence" of a sentencing factor. Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011)(per curiam) (emphasis added) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender). Here, the petitioner does not assert that the conduct for which he was actually convicted is no longer criminal. See In re Jones, 226 F.3d at 334.

Accordingly, relying on the decision in Petty, and the guidance of the Fourth Circuit in Darden, the undersigned concludes that the petitioner's Simmons' argument fails to state cognizable § 2241 claim. See also Little v. Hamidullah, 177 F. App'x 375, 375-76 (4th Cir. 2006): Green v. Hemingway, 67 F.App'x 255, 257 (6th Cir. 2003) ("Even if it is assumed that [Petitioner]'s allegations are true, the 'actual innocence' exception of the savings clause of § 2255, as it has been interpreted by this Court, is actual innocence of the underlying, substantive offense, not innocence of a sentencing factor.") (internal quotations omitted); Kinder v, v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000) (holding that § 2241 is not available where a petitioner "makes no assertion that he is innocent of the crime for which he was convicted"); White v. Rivera, 518 F.Supp.2d 752, 757 n.2 (D.S.C. 2007), aff'd 262 F.App'x 540 (4th Cir. 2008) ("Furthermore, his 'actual innocence' argument concerning an enhancement does not entitle him to relief under § 2241, as it 'is not the type of argument that courts have recognized may warrant review under § 2241.'"); Boynes v. Berkebile, No. 5:10cv00939, 2012 WL 1569563, *7 (S.D.W. Va. May 1, 2012).

Furthermore, the petitioner's attempt to invoke the holding in Alleyne is misplaced, and his motion to amend his petition should be denied.. In Alleyne, a defendant was convicted by a jury of using or carrying a firearm in relation to a crime of violence under § 924(c)(10(A). At sentencing, the district judge determined that the defendant had brandished the firearm and sentenced the

defendant to a seven-year sentence based upon a mandatory minimum in accordance with the brandishing finding. 133 S.Ct. At 2151. The United States Supreme Court held that the brandishing determination by the sentencing judge was improper because any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury, rather than determined by a judge at sentencing, because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury." Id, at 2162.

This decision extended the Supreme Court's prior holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), in which the Court found that any fact which increases the statutory maximum penalty for a crime as applicable to a specific defendant must be submitted to and decided by a jury. See Simpson v. United States, No. 13-2373 2013 U.S. App. LEXIS 12902 *1 (7th Cir. July 10, 2013)(noting that Alleyne is an extension of Apprendi).

The petitioner argues that the record is clear that he received a life sentence based on facts not presented in the indictment, found by a jury or admitted to at a Rule 11[c] Hearing. Accordingly, the petitioner argues that his sentence must be vacated as unconstitutional and remanded back to the District Court for sentencing consistent with the Alleyne decision. However, a number of courts that have considered the question thus far have found that Alleyne, in that it is a mere extension of Apprendi, is not intended to be retroactively applied. See id., United States v. Reyes, No. 2:11cv6234, 2013 U.S. Dist. LEXIS 112386 *49-*56 (E.D. Pa. August 8, 2013); United States v. Eziolisa, No. 3:10cr39, 2013 U.S. Dist. LEXIS 102150 *3 (S.D. Ohio July 22, 2013); United States v. Standley, No. 09-0022, 2013 U.S. Dist. LEXIS 98943 *7 (N.D. Okla. July 16, 2013); Affolter v. United States, No. 13-14313, 2013 U.S. Dist. LEXIS 104835 *2 (E.D. Mo. July 26, 2013).

Furthermore, in <u>Apprendi</u>, the Supreme Court specifically noted in its findings that "any fact (<u>other than prior conviction</u>) which increases the maximum penalty for a crime must be ... submitted to a jury." That the existence of prior convictions need not be submitted to a jury was further explained in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), in which the Court affirmatively determined that the fact of a prior conviction may be determined by a sentencing judge. The Court in <u>Alleyne</u> specifically declined to reconsider or overrule <u>Almendarez v. Torres</u>. 133 S.Ct. At 2160 n.1. Therefore, <u>Almendarez-Torres</u> remains good law, and <u>Alleyne</u> is not applicable to the petitioner's argument in this matter.

## V. <u>RECOMMENDATION</u>

Based on the foregoing reasoning, the undersigned recommends that the petitioner's Motion to Amend (Doc. 4) be **DENIED** and this matter be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the District Court Judge. Failure to file timely objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. §636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Ci. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: 31 October 2013

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE