**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**


**STEPHON MASON**,

        Petitioner,

    v.                         **Civil Action No. 2:13-CV-50**
                                        Judge Bailey

**UNITED STATES OF AMERICA**,

        Respondent.


## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate John S. Kaull [Doc. 11], filed October 31, 2013. In that filing, the magistrate judge recommends that this Court deny petitioner Stephon Mason's Application for Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. 1], filed July 24, 2013.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C.

§ 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R&R were due within 14 days of service, pursuant to 28 U.S.C. § 636(b)(1). The petitioner accepted service on November 4, 2013 [Doc. 12] and timely mailed objections, which were received by this Court on November 15, 2013 [Doc. 13]. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

## I. Background

Insofar as Magistrate Judge Kaull has thoroughly outlined the relevant factual and procedural history in his R&R, this Court repeats here only a condensed version of that summary. On July 9, 2003 the petitioner was indicted in a multi-defendant case in the United States District Court for the District of Maryland. Following a jury trial, on July 20, 2004 the petitioner was convicted of possession of a firearm by a convicted felon. The jury remained deadlocked on the four remaining counts pertaining to the petitioner. The petitioner was retried in June 2005 and convicted of the following additional counts: conspiracy to distribute over five kilograms of cocaine and over fifty grams of cocaine base; conspiracy to launder drug proceeds; money laundering; possession with intent to distribute cocaine; and possession of a firearm in furtherance of a drug trafficking crime. The petitioner was sentenced to life imprisonment plus five years, to be followed by ten years of supervised release. His sentence was affirmed by the United States Court of Appeals for the Fourth Circuit. ***United States v. Melvin***,

2007 WL 2046735 (4th Cir. July 13, 2007). In 2008, the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 was denied by the District of Maryland and the appeal was dismissed as untimely by the Fourth Circuit. *United States v. Mason*, 380 F. App'x 336 (4th Cir. 2010).[1]

On July 24, 2013, the petitioner filed the instant Application for Habeas Corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 Motion") [Civ. Doc. 1]. The petitioner alleges actual innocence on the ground that under the Fourth Circuit's opinion in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), he no longer has a qualifying prior conviction to sustain the career sentencing enhancement.

On July 24, 2013, the petitioner filed a Motion to Amend [Doc. 4], claiming that under the Supreme Court's ruling in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), the petitioner's sentence must be vacated as unconstitutional and remanded back to the District Court for resentencing.

Magistrate Judge Kaull filed the instant R&R on October 31, 2013 [Doc. 11], recommending that this Court deny and dismiss with prejudice the petitioner's Motion to Amend and dismiss with prejudice the Petition for Writ of Habeas Corpus. The petitioner timely objected [Doc. 13].

---

[1] The petitioner filed a second Motion to Vacate under 28 U.S.C. § 2255, which was denied by the District Court for the District of Maryland because the petitioner did not receive proper certification from the Fourth Circuit Court of Appeals for a second or successive motion under 28 U.S.C. § 2255.

This Court will grant the Motion to Amend [Doc. 4] and has considered all of the arguments contained therein. Even as amended, however, the defendant's § 2241 Motion must be denied for a number of reasons.

## II. Discussion

## A. 28 U.S.C. § 2241

Title 28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The focus of § 2241 is upon the execution of a prisoner's sentence, not upon the validity of his conviction or sentence. Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless, under Section 2255's savings clause, there is a showing that the remedy is inadequate or ineffective to test the legality of detention. 28 U.S.C. § 2255(e); *In Re Jones*, 226 F.3d 328, 333 (4th Cir. 2000).

Section 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).

**B.    *United States v. Simmons* Claim**

The petitioner's objections state that "[u]nder ***Simmons***, the prior convictions used to impose a <u>LIFE</u> sentence are no-longer valid prior predicates to support such a severe sentence therefore, Petitioner is actually innocent of his Life sentence which satisfies the gatekeeping provision of <u>§ 2255</u>." [Doc. 13 at 2].  The petitioner argues that the Fourth Circuit held that ***Simmons*** is retroactive in ***Miller v. United States***, 735 F.3d 141, 147 (4th Cir. 2013).

While the petitioner correctly states that ***Miller*** holds that ***Simmons*** is retroactive on collateral review, the petitioner fails to establish that he can utilize the savings clause and § 2241 to pursue alleged sentencing errors.

The Fourth Circuit has specifically refused to allow petitioners to utilize § 2241 to challenge their designation as a career offender where a petitioner challenges only the validity of a sentence and not the legality of the underlying conviction:

> Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence. . . . *See **Darden v. Stephens***, 426 F. App'x 173, 174 (4th Cir. 2011) ("[O]ur cases have confined the § 2255 savings clause to instances of actual innocence of the underlying offense of conviction...."); ***Little v. Hamidullah***, 177 F. App'x 375, 375–76 (4th Cir. 2006) (affirming district court's determination that a federal prisoner could not utilize § 2241 to pursue a "claim[ ] that he was 'actually innocent' of being a career offender"); ***Boynes v. Berkebile***, 2012 WL 1569563, at *6 (S.D. W.Va. May 1, 2012) ("[T]he Fourth Circuit has not broadened the parameters of the analysis of the savings clause in Jones to encompass a challenge to a sentence based on a sentenc[ing] guideline enhancement or a claim of 'actual innocence' of a sentenc[ing] guideline enhancement.").

***Noggin v. Wilson***, 2013 WL 5603226 (E.D. Va. Oct. 11, 2013).

Further, the record fails to support the petitioner's contention that he no longer has a qualifying prior conviction to sustain the career sentencing enhancement. In his original petition, the petitioner claims that he never received a term of imprisonment greater than one year. The petitioner states he "was given a (3) years 'suspended' sentence with the exception of all but (9) months, which equates to a (9) month term of imprisonment." [Doc. 1-1 at 1]. Pursuant to **Simmons**, in evaluating whether a defendant's prior state conviction qualifies as a felony for purposes of sentencing, the <u>actual</u> sentence imposed is irrelevant; rather, the relevant inquiry is whether the actual defendant was subject to a <u>potential</u> sentence of greater than one year of imprisonment. See **United States v. Thompson**, 480 F. App'x 201, 204 (4th Cir. 2012) (unpublished) (rejecting the petitioner's argument that **Simmons** did not apply to a suspended sentence because "the actual sentence imposed is irrelevant; rather the relevant inquiry is whether the actual defendant was subject to a potential sentence of greater than one year of imprisonment").

## C.     *Alleyne v. United States* Claim

The petitioner's Motion to Amend claims that his sentence must be vacated as unconstitutional and he must be resentenced pursuant to **Alleyne v. United States**, 133 S. Ct. 2151 (2013). The R&R recommended the Court deny the claim because **Alleyne** is not intended to be retroactively applied, and also because **Alleyne** is not applicable to the petitioner's case because it applies only to facts other than prior conviction which increases the minimum penalty for a crime, whereas prior convictions may be determined by a sentencing judge and need not be submitted to a jury. The

petitioner claims in his objections that *Alleyne* "must be given full 'retroactive' effect to case's on collateral review, and treated as a 'Watershed' rule." [Doc. 13 at 5].

In *Alleyne*, the Supreme Court held that any fact that increases a **mandatory minimum penalty** for a crime is an element of the crime and must be submitted to the jury and proven beyond a reasonable doubt. *Id.* At 2158 (emphasis added). *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which requires any fact that increases the maximum penalty for an offense to be proven by the jury rather than the judge.

The rule prescribes the manner in which a sentence is to be computed, but it does not alter the range of conduct or the class of persons subject to criminal punishment. *Sanders v. Wilson*, 2013 WL 3991469 (E.D. Va. Aug. 2, 2013). As such, it is a procedural rather than a substantive change in the law. *Id.* (citing *United States v. Powell*, 691 F.3d 554, 559–60 (4th Cir. 2012)). Further, all of the circuit courts of appeals that have considered the issue have concluded that *United States v. Booker*, the immediate predecessor to *Alleyne*, announced a procedural rule and hence does not apply retroactively to cases on collateral review. *United States v. Morris*, 429 F.3d 65, 66 (4th Cir. 2005).

Accordingly, because the petitioner's claim falls outside the § 2255 savings clause, he may not proceed under § 2241. The application must instead be construed

as a successive motion for relief under § 2255, which may not be brought unless certified by a panel of the Fourth Circuit Court of Appeal.[2]

## III.  Conclusion

Upon careful review of the record, it is the opinion of this Court that the Petitioner's Motion to Amend **[Doc. 4]** should be, and hereby is, **GRANTED**.  The magistrate judge's Report and Recommendation **[Doc. 11]**, should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.[3]  Further, the petitioner's Objections **[Doc. 13]** are **OVERRULED**.  Accordingly, the petitioner's Motion Under 28 U.S.C. § 2241 **[Doc. 1]** is hereby **DENIED** and **DISMISSED WITH PREJUDICE**.  As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent and strike this case from the active docket of this Court.  As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to counsel of record and to mail a copy to the *pro se* petitioner.

_____

[2] The Court notes that even if the petitioner seeks certification by the Fourth Circuit Court of Appeals to file a successive motion under § 2255, he will be unable to obtain relief because, as discussed above, Courts that have examined the effect of *Alleyne* have concluded that it is not retroactively applicable to matters raised on collateral review.

[3] Although the R&R recommends that the petitioner's Motion to Amend be denied [Doc. 11], both the R&R and this Court considered all of the arguments contained therein, therefore the Motion to Amend should be granted.

**DATED:** December 16, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE